896 F.2d 1366
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lyle Owen CAMPBELL, Plaintiff-Appellant,
v.
Robert W. FRY; James E. Johnston, Defendants-Appellees.
 No. 89-6578.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 31, 1989.
Decided: Feb. 9, 1990.
Rehearing Denied April 30, 1990.
 
 Lyle Owen Campbell, appellant pro se.
 Edward Meade Macon, McGuire, Woods, Battle & Boothe; Mark Ralph Davis, Office of the Attorney General of Virginia, for appellees.
 Before K.K. HALL, PHILLIPS and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Lyle Owen Campbell, a Virginia inmate, filed this action pursuant to 42 U.S.C. Sec. 1983 alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Our review of the record and the district court's opinion reveals that summary judgment was properly granted in favor of appellee Johnson. We affirm that portion of the district court's order on the reasoning set forth in its opinion. We find, however, that viewing the facts in the light most favorable to Campbell, summary judgment was improperly granted as to his other claims.
 
 
 2
 Dr. Carey, the prison doctor, first referred Campbell to Dr. Fowler, an optometrist, in March 1987. Dr. Fowler referred Campbell to the Medical College of Virginia Eye Clinic (MCV), and he was examined there in April. The MCV examining physicians diagnosed Campbell as having cataracts and reflective error. At an examination in December 1987, Dr. Fowler observed that Campbell's condition had worsened and again referred him to MCV. On February 16, 1988, Campbell was examined at MCV, following which a diagnosis of bilateral cataracts was made and surgery recommended. Dr. Fry, Chief Physician for the Department of Corrections Office of Health Services (OHS), denied approval and funding for the surgery on the basis that it was elective in nature and delay would not cause any deterioration in the underlying condition as the cataracts could be successfully removed at a later date. In a letter to the parole board dated March 9, 1989, however, Dr. Fry stated that Campbell's vision was deteriorating rapidly, OHS would prefer that Campbell receive the surgery on his own after parole, and that by the time of his parole hearing in the fourth quarter of 1988 Campbell might be legally blind. On June 3, 1988, Dr. Fry cleared Campbell for cataract extraction surgery. On July 26, 1988, surgery was performed on Campbell's left eye. Both before the district court and in his brief on appeal dated April 6, 1989, Campbell claimed that he still had not received surgery on his right eye.
 
 
 3
 Prison officials' intentional denial or delay of access to medical care states a claim under Sec. 1983. However, mere delay in providing treatment is not unconstitutional unless the gravity of the condition is apparent. Sosebee v. Murphy, 797 F.2d 179 (4th Cir.1986). After Campbell's cataracts were determined to be a serious medical problem and surgery was recommended by his examining physicians at MCV and Dr. Fowler, the surgery was delayed by Dr. Fry's refusal to authorize funding.* In his letter to the parole board, Dr. Fry indicated that he was aware of the gravity of the situation when he denied treatment and that surgery was the only way to prevent Campbell from going blind. Under these facts it was error for the district court to decide as a matter of law that Dr. Fry was entitled to summary judgment. Additionally, the district court did not address Campbell's claim that he never received surgery on his right eye even though it was authorized as medically necessary.
 
 
 4
 For the foregoing reasons we vacate that portion of the district court's opinion granting summary judgment in favor of Dr. Fry. We remand the case for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 *
 This is not a case of disagreement between Campbell and his treating physician over the proper course of treatment. Dr. Fry was not Campbell's treating physician, and all of the medical evidence indicated that surgery was necessary to prevent blindness